UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID JOHN MOSES, | Case No. 21-cv-03520-LB |
| Plaintiff, | **ORDER SCREENING COMPLAINT** |
| v. | Re: ECF No. 1 |
| CORTE MADERA TOW, | |
| Defendant. | |

# INTRODUCTION

The plaintiff David John Moses, who represents himself and is proceeding in forma pauperis, complains that Corte Madera Towing wrongfully towed his car at the direction of a San Rafael police officer.[1] Before directing the United States Marshal to serve the defendant with the complaint, the court must screen it for minimal legal viability. 28 U.S.C. § 1915(e)(2)(B). The court lacks federal-question jurisdiction because the plaintiff alleges only deprivation of his car by a private party, and the court lacks diversity jurisdiction because all parties are citizens of California. The plaintiff may amend his complaint by June 21, 2021 to cure the complaint's deficiencies if he can.

---

[1] Compl. – ECF No. 1, 1-1 at 1 (citing Cal. Vehicle Code § 260(a)-(b), which defines "commercial vehicle"), 3 (defendant is Corte Madera Towing, not Tow). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-03520-LB

**STATEMENT**

The plaintiff's complaint consists of two documents, one handwritten and one typed. The handwritten complaint alleges the following:

> On about 4/10/2021, Corte Madera Tow (CMT) aided and comforted the Enemy to my country, the United States of America. CMT proceeded to take car and hold. Claiming charged and release orders. They have stolen many cars throughout the years. With little to no consequences. I want my 1999 Subaru Forester (Silver thorn) back!
>
> Defendant is a U.S. Citizen, and U.S. citizen needs to be born in Washington, D.C.
>
> So this owner Ken, of CMT is committing fraud. Ken is a State Citizen.[2]

The typed complaint alleges the following:

> Davis John Moses is a Religious man, and an inhabitant of Marin County where the injustice occurred.
>
> On or about 4/10/2021, I received a[n] emergency traffic stop by a known domestic terrorist J. CARPENTER #592. CARPENTER proceeded to steal car, automobile, house car under armed assault, claiming my automobile was a motor vehicle. Refer to California motor vehicle code 260a,b. From there CORTE MADERA TOW gladly assisted in the theft. Aided and comforted the enemy to our country by assisting SRPD agent, claiming British Admiralty Maritime Law. Then CORTE MADERA TOW proceeded with extortion of my automobile. Claiming fines/charges/orders from a Foreign Corporation, SAN RAFAEL POLICE DEPARTMENT (SRPD). Claiming British Admiralty Maritime Law, against a[n] American National who has Sovereignty.
>
> CORTE MADERA TOW exceeded its jurisdiction, and because CORTE MADERA TOW exceeded its jurisdiction, the Executor of the DAVID JOHN MOSES ESTATE was severely injured, by loss of automobile in my possession for decades.
>
> Pray for relief of $1,000,000,000.00.[3]

The plaintiff attached a "Notice of Stored Vehicle" to his complaint that shows that Corte Madera Towing towed a car (presumably his) on April 10, 2021. The Notice contains the following hand-written information: "$240.00 TOW, $70.00 A DAY."[4] The plaintiff also attached a "General Affidavit" in which he attests to the following:

> U.S. citizens must be born in WASHINGTON D.C. U.S citizens are livestock in the British Corporation the UNITED STATES. The British Corporation UNITED STATES was Established in 1871. The British Corporation UNITED STATES was licensed in VIRGINIA. The British Corporation UNITED STATES was franchised out of

---

[2] *Id.* – ECF No. 1 at 1.

[3] *Id.* – ECF No. 1-1 at 1.

[4] *Id.* – ECF No. 1 at 3.

WASHINGTON D.C. (District of Columbia). District of Columbia is owned by the Bank of LONDON. Bank of LONDON is owned by the UNITED NATIONS. American National can only be tried by a jury of American Nationals. David John Moses is a[n] American National. David John Moses does not have to ask permission for an inherited right. Title 18 must be enforced, when livestock injured a[n] American National.[5]

## GOVERNING LAW

### 1. Jurisdiction

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guar. Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two ways to establish the court's jurisdiction: federal-question jurisdiction and diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). There is federal-question jurisdiction if the case "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For diversity jurisdiction, the opposing parties must be citizens of different states, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a).

### 2. Sua Sponte Screening – 28 U.S.C. § 1915(e)(2)

A complaint filed by any person proceeding in forma pauperis under 28 U.S.C. § 1915(a) is subject to a mandatory and sua sponte review and dismissal by the court to the extent that it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing an in forma pauperis complaint make and rule on its own motion to dismiss before directing the United States Marshals to serve the complaint under Federal Rule of Civil Procedure 4(c)(2). *Lopez*, 203 F.3d at 1127. The Ninth Circuit has noted that "[t]he language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). As the

---

[5] *Id.* at 2.

ORDER – No. 21-cv-03520-LB          3

Supreme Court has explained, "[the in forma pauperis statute] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Under Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. Rule 8(a)(2) requires that a complaint include a "short and plain statement" showing the plaintiff is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain "detailed factual allegations," but the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions"; a mere "formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether to dismiss a complaint under Rule 12(b)(6), the court is ordinarily limited to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Factual allegations in the complaint must be taken as true and reasonable inferences drawn from them must be construed in favor of the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court cannot assume, however, that "the [plaintiff] can prove facts that [he or she] has not alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Federal courts must construe *pro se* complaints liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). A *pro se* plaintiff need only provide defendants with fair notice of his claims and the grounds upon which they rest. *Hearns*, 413 F.3d at 1043. He need not plead specific legal theories so long as sufficient factual averments show that he may be entitled to some relief. *Id.* at 1041.

When dismissing a case for failure to state a claim, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130 (internal quotations omitted).

## ANALYSIS

The court does not have federal jurisdiction over what is at best a state-law claim against Corte Madera Towing. To the extent that a claim might exist for the police officer's alleged impounding of his car, the plaintiff does not allege facts that plausibly plead a claim.

First, there is no federal-question jurisdiction because the plaintiff's claims are state-law claims against a private actor, Corte Madera Towing. 28 U.S.C. § 1331; *Enwere v. Racy*, No. 13-cv-05541-JCS, 2014 WL 261458, at *3 (N.D. Cal. Jan. 23, 2014). There is no diversity jurisdiction because all parties are citizens of California, and the amount apparently does not exceed $75,000.[6] 28 U.S.C. § 1332(a).

Second, state actors (such as police officers) can be sued under 42 U.S.C. § 1983 if there is an underlying constitutional violation. The notice about the stored vehicle references California Vehicle Code § 22852, which allows storage of a vehicle at the direction of police officers. The plaintiff alleges a traffic stop, presumably because of a Vehicle Code violation. The plaintiff does not identify the factual or legal basis for his claim, and so the court cannot tell what his complaint is or whether he might have a federal claim against a state actor. *Tannenbaum v. Cal. Dep't of Corrs. & Rehab.*, C 18-6770 WHA, 2019 WL 469975, at *1 (N.D. Cal. Feb. 4, 2019) (although "specific facts are not necessary," the pleading must "give the defendant fair notice of what the claim is and the grounds upon which it rests") (cleaned up).

---

[6] *Id.* – ECF No. 1 at 3.

**CONCLUSION**

The plaintiff may file an amended complaint by June 21, 2021 if he can cure the complaint's deficiencies. In the amended complaint, he must identify each claim clearly and state the specific facts and actors that relate to each claim. He also must allege the basis for the court's subject-matter jurisdiction. If the plaintiff does not file an amended complaint by June 21, 2021, the court will reassign the case to a district judge and recommend that the newly assigned judge dismiss the case. Alternatively, the plaintiff may also voluntarily dismiss this case by filing a one-page notice of voluntary dismissal, which will operate as a dismissal without prejudice and allow him to pursue any state-law claims in state court.

**IT IS SO ORDERED.**

Dated: May 24, 2021

_____

LAUREL BEELER
United States Magistrate Judge